UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NYOLA LYNETTE BROUSSARD SUCCESSION ET AL** | **CASE NO. 2:23-CV-01138** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **C V S HEALTH SOLUTIONS L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "AFLAC's Benefits Solution, Inc.'s Motion for Summary Judgment" (Doc. 14) wherein AFLAC moves to dismiss Plaintiff's claims for breach of contract and damages with prejudice. Plaintiff has not filed an opposition to the Motion and the time for doing so has now lapsed.

## FACTUAL STATEMENT

Defendant, ABS, is a wholly owned subsidiary of Argus Holdings, LLC, which is a wholly owned subsidiary of Aflac, Incorporated.[1] ABS provides administrative services to or on behalf of health plans, government agencies, and insurance companies, as well as dental and vision coverages underwritten by several insurers.[2] ABS is not an insurance company and, thus, did not issue any policies of insurance to CVS providing any type of benefits to its employees.[3] ABS has no involvement with and is not connected in any way to any policy that may have been issued to provide life insurance coverage to eligible

---

[1] Defendant's exhibit A, ¶ 4.
[2] *Id.*
[3] *Id.*

employees of CVS.[4] CAIC is a subsidiary of Aflac Incorporated and is an insurer that issues group policies to employers, which policies provide various benefits to their employees.[5]

Although not named as a defendant in this lawsuit, CAIC is the subsidiary of Aflac Incorporated, an insurer issuing group policies to employers that provide various benefits to their employees as part of an employee welfare benefit plan.[6] A review of CAIC's business records reveals that neither CAIC nor any other entity affiliated with Aflac provided life insurance coverage for the benefit of CVS employees that was in effect at the time of the death of Nyola Lynette Broussard on April 18, 2020.[7]

CAIC's business records reflect that it did issue Group Policy Number 22700, which policy provided benefits to eligible employees of CVS for (1) Accidental Injury, (2) Critical Illness, and (3) Supplemental Hospital Indemnity. The policy had an effective date of June 1, 2016.[8] CAIC's business records reveal that no claims have been filed by or on behalf of Nyola Lynette Broussard seeking to obtain life insurance benefits. No claims have been filed on or on behalf of Nyola Lynette Broussard seeking to recover benefits for Accidental Injury, Critical Illness or Supplemental Hospital Indemnity.[9]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[4] *Id.* ¶ 5.
[5] *Id.* ¶ 6.
[6] *Id.*
[7] *Id.* ¶ 6.
[8] *Id.* ¶ 7, Exhibit A-1.
[9] *Id.* ¶ 8.

as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Nyola Broussard was employed by do-defendant, CVS Health Solutions, LLC, d/b/a/ CVS Pharmacy at the time of death on April 18, 2020. Co-defendant Alfac Benefits solutions, Inc. ("ABS") moves to dismiss Plaintiff's claims[10] for breach of contract and damages because it did not issue a life insurance policy and/or provide life insurance coverage for Nyola Broussard.

Plaintiff has not filed an opposition, nor submitted any summary judgment evidence to dispute the fact that ABS did not provide life insurance coverage for Nyola Broussard at the time of her death. As such, there is no genuine issue of material fact for trial.

## CONCLUSION

For the reasons explained herein, and noting the absence of objections, the Court will grant AFLAC's Benefits Solution, Inc.'s Motion for Summary Judgment and dismiss the claim for breach of contract and damages with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 16th day of February, 2024.



**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[10] Plaintiff in this matter is Hugh Lambert Broussard, the appointed independent administrator of the *Succession of Lyola Lynnette Broussard*. Doc. 1-1, ¶ 5.