UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NYOLA LYNETTE BROUSSARD**        **CASE NO. 2:23-CV-01138**
**SUCCESSION ET AL**

**VERSUS**        **JUDGE JAMES D. CAIN, JR.**

**C V S HEALTH SOLUTIONS L L C ET AL**        **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUMG RULING

Before the Court is "CVS Pharmacy Inc's Motion for Summary Judgment" (Doc. 28), wherein "CVS" seeks dismissal of life insurance benefits by Plaintiff, Succession of Nyola Lynette Broussard.

## FACTUAL STATEMENT

Nyola Lynette Broussard began working for CVS Pharmacy, Inc. as a part-time employee on April 30, 2019.[1] She was automatically enrolled in the CVS Health Welfare Benefit Plan.[2] CVS also offered part-time employees, optional life benefits; Broussard was eligible but chose not to participate and pay the required premiums for the optional life benefits.[3] Ms. Broussard passed away on April 18, 2020.[4]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

---

[1] Declaration of Deanna Szczesny-Williams, Doc. 25, CVS177.
[2] Doc. 25, CVS008-CVS011.
[3] Doc. 25, CVS177.
[4] Declaration of Deanna Szczesny-Williams, Doc. 25 CVS177; Doc. 25 CVS178-179.,

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In this lawsuit, the Independent Administrator of the Succession of Broussard alleges that CVS failed to honor its contract for optional life benefits.[5] CVS moves to dismiss the lawsuit for two reasons: (1) failure to exhaust administrative remedies; and (2) the alleged life insurance benefit coverage is preempted by ERISA and Broussard did not elect the optional life benefits coverage, nor did she pay the requisite premium. As of this date, Plaintiff, through counsel has filed no opposition to CVS's Motion and the time for doing so has lapsed.

CVS presents summary judgment evidence that a claim for life insurance was never filed under the optional life portion of the CVS employee health and welfare Plan. Consequently, no such claim was ever denied by the Plan Administrator and no appeal was sought by the Succession pursuant to the Plan's Administrative Appeal provisions.

The Fifth Circuit has adopted the "exhaustion doctrine" with respect to ERISA cases, which provides that "claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits. *Bourgeois v. Pension Plan for the Emps. Of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000); See also *Denton v. First Nat'l Bank*, 765 F.2d 1295, 1303 (5th Cir. 1985).

The Plan provides that "no legal action legal action can be brought until you have exhausted all the steps in the appeal process provided in the Plan."[6] For this reason alone,

---

[5] Doc. 1-1.
[6] Doc. 25, CVS 056.

the Court does not have jurisdiction over this case because Plaintiff failed to exhaust the administrative remedies.

Next, CVS argues that the instant lawsuit must be dismissed because Broussard never elected life benefits. CVS submits summary judgment evidence that is undisputed that shows that Broussard did not elect life benefits and did not pay the requisite premiums.[7] For this reason also, Plaintiff's claims must be dismissed.

## CONCLUSION

For the reasons explained herein, the Court will grant CVS Pharmacy Inc.'s Motion for Summary Judgment (Doc. 28) and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 10th day of October, 2024.



JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[7] Doc. 25, CVS178-179.